### Newton Hannaman et al. v. W. O. Wallace.

1.    CHANCERY PRACTICE—*Effect of Sworn Answers.*—Where a complainant in chancery calls for an answer under oath, he gives to the defendant the advantage of a sworn answer, which is to be overcome by at least two witnesses, or what is equivalent to the testimony of two witnesses.

Creditor's Bill.—Appeal from the Circuit Court of Shelby County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded, with directions. Opinion filed September 11, 1901.

CHAFEE & CHEW, attorneys for appellants.

T. F. DOVE and WALTER C. HEADEN, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a creditor's bill filed by the appellee against appellants to set aside a conveyance of land made by Nancy Hannaman to her son George Hannaman, for alleged fraud, and that such conveyance was made to hinder and delay the creditors of the mother.

The court heard the cause and the testimony of the witnesses in open court, found the conveyance to be fraudulent, set aside the same and subjected the property conveyed to the payment of a judgment against Newton and his mother for $190.40 and costs, and to reverse the decree appellants bring their appeal to this court.

The bill required of the defendants an answer under oath, and discovery, and in it certain interrogatories were propounded to the defendants. Answer under oath was

filed, discovery obtained in response to the bill, and all the interrogatories were answered, among which was the inquiry what George had paid for the land, and where he got the money. He answered and likewise the mother, that the consideration for the deed was the assumption by the son of a mortgage on the land, and that certain indebtedness existed from mother to son for money lent to her from time to time, in all exceeding $2,500, which equaled the substantial value of the land, not estimating the mother's homestead, which was still claimed by her, and George also was to keep his mother and minor sister. Against these answers another brother, Martin, testified that his mother did not owe his brother George, as far as he knew, at the same time admitting that he had feeling against his brother George. From his own testimony it is apparent that Martin did not know, nor profess to know, whether his mother owed her son George, although it was evident he wished to be understood that he knew that she did not. We are unable to discover that the answers of the mother and son have been overcome by that degree of proof demanded by the law, and are constrained to believe the court erred in failing to accept the sworn answers of the defendants as true, and we therefore reverse the decree of the Circuit Court, and remand the cause with directions to dismiss the bill for want of equity. Reversed and remanded, with directions.